IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY RILEY, JR. Executor of the Estate of Larry Riley, Sr., Deceased<br>Plaintiff<br><br>v.<br><br>ANDREW HENCH, RN, HOLY SPIRIT HOSPITAL OF THE SISTERS OF CHRISTIAN CHARITY, INC., Individually and/or t/d/b/a GEISINGER HOLY SPIRIT HOSPITAL and PENN STATE HEALTH HOLY SPIRIT MEDICAL CENTER<br>Defendants | No. 1:21-CV-01845-YK<br><br>JURY TRIAL DEMANDED<br><br>MEDICAL PROFESSIONAL LIABILITY |

## STIPULATION OF DISMISSAL OF FEWER THAN ALL PARTIES

Pursuant to F.R.C.P. 41(a)(2), Plaintiff, Larry Riley Jr., Executor of the Estate of Larry Riley Sr., Deceased, Andrew Hench, RN, Holy Spirit Hospital of the Sisters of the Christian Charity, Inc. Individually and/or t/d/b/a Geisinger Holy Spirit Hospital ("G-HSH") by and through their undersigned counsel, hereby stipulate as follows:

1. All and all claims, cross-claims, and counterclaims asserted against Penn State Health Holy Spirit Medical Center ("Penn State") shall be discontinued and ended without prejudice.

1

2. Each of the parties, by and through their respective counsel, hereby represents that no defense, claims of liability, or fault shall hereafter be made, directly or indirectly, against Penn State by any of the parties hereto, including any and all claims, cross-claims, counterclaims or third party claims.

3. This Stipulation does not constitute, nor shall it be deemed to be, a release of any kind whatsoever, including without limitation, a release of claims against other defendants.

4. The sole purpose of this Stipulation is to discontinue and end all claims against Penn State only. This Stipulation will not and does not dismiss any other defendant from this matter and may not be cited or offered as a defense to any claim against the defendants remaining in this action.

5. This Stipulation is made upon representations of counsel for G-HSH that Penn State does not have liability for the claims in this case because the acts giving rise to the action occurred prior to the change in ownership of the hospital from G-HSH to Penn State.

6. G-HSH transferred ownership to Penn State on November 1, 2020 and the events giving rise to the claims occurred in November/December 2019.

7. This Stipulation shall have no effect on Plaintiff's claims against any remaining defendant in the action and shall not serve as a basis for a defense or argument at the time of trial.

8. The action shall continue as to all remaining defendants.

9. All pleadings are hereby amended to omit reference to Penn State Health Holy Spirit Medical Center and the caption shall be amended to reflect the same.

10. This Stipulation may be signed in counterparts.

| **MYERS, BRIER & KELLY, LLP** | **THOMAS, THOMAS & HAFER** |
|---|---|
| Frank J. Brier, Esquire<br>PA ID 73044<br>fbrier@mbklaw.com<br>Brian J. Levy, Esquire<br>PA ID 327184<br>blevy@mbklaw.com<br>*Attorneys for Defendants*<br>*Holy Spirit Hospital*<br>*of the Sisters of Christian Charity, Inc.,*<br>*Individually and/or t/d/b/a*<br>*Geisinger Holy Spirit Hospital and*<br>*Penn State Health Holy Spirit Medical Center* | Sarah W. Arosell, Esquire<br>PA ID 58797<br>sarosell@tthlaw.com<br>Matthew Ridley, Esquire<br>PA ID 204265<br>mridley@tthlaw.com<br>*Attorneys for Defendant*<br>*Andrew Hench, RN* |

**MUNLEY LAW, PC**

*/s/ Marion Munley*
Marion Munley, Esquire
PA ID 46957
mmunley@munley.com
John M. Mulcahey, Esquire
PA ID 74562
jmulcahey@munley.com
227 Penn Avenue
Scranton, PA 18503
*Attorneys for Plaintiff*